NO. 07-03-0383-CR
NO. 07-03-0384-CR
NO. 07-03-0385-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 24, 2005

_____

DAVID MATTHEW LAYTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 34,435-C, 34,436-C, 34,437-C; HONORABLE PATRICK PIRTLE, JUDGE

_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]

In these companion cases, appellant David Matthew Layton was convicted of aggravated kidnapping and aggravated sexual assault of a child. We affirmed the trial court conviction in each case. *See Layton v. State*, No. 07-96-0234-CR, 1997 Lexis 5257 (Tex. App.–Amarillo Oct. 3, 1997, pet. ref'd); *Layton v. State*, No. O7-96-O235-CR, 1997 Lexis

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004-2005).

5258 (Tex. App.–Amarillo Oct. 3, 1997, pet. ref'd); and *Layton v State*, No. 07-96-0236-CR, 1997 Lexis 5259 (Tex. App.–Amarillo Oct. 3, 1997, pet. ref'd). Appellant now asserts that the trial court reversibly erred in denying his motions for post-conviction forensic DNA testing. For the reasons set out below, we disagree the trial court erred, and we affirm the trial court's denial of those motions.

Texas Code of Criminal Procedure article 64.03(a)(2)(A) provides that a trial court may only order forensic DNA testing if the convicted person establishes by a preponderance of the evidence that the person would not have been convicted if exculpatory results had been obtained through DNA testing. Tex. Code Crim Proc. Ann. art 64.03(a)(2)(A) (Vernon Supp. 2004-05). In advancing his contention that his motions should have been granted, appellant, for the most part, again challenges in some detail the legal and factual sufficiency of the evidence to support his conviction. In addition, he specifically argues that the victims never made a firm identification of him as the culprit and emphasizes that the State's evidence shows he arrived at the scene of the crimes just after the commission of the crimes.

However, the evidence in these cases was reviewed in somewhat exhaustive detail in our opinions affirming the convictions, and appellant has not presented any contentions here that were not within the bounds of our prior discussion of the sufficiency of the trial evidence. Because of the nature of the evidence sustaining appellant's conviction, appellant has not borne his burden to show by a preponderance of the evidence that he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing.

2

Accordingly, the trial court's denial of appellant's amended motions for DNA testing of evidence must be, and are hereby, affirmed in each case.

John T. Boyd
Senior Justice

Do not publish.